UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMEL FARMER,<br><br>        Plaintiff,<br><br>    v.<br><br>MIAMI CORRECTIONAL FACILITY *et al.*,<br><br>        Defendants. | CAUSE NO. 3:22-CV-149-DRL-MGG |

OPINION AND ORDER

Jamel Farmer, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Farmer alleges that near the end of December 2020, the inmate in the cell next to his at Miami Correctional Facility died, and his body was left in the cell, covered in his own excrement, long enough for bugs to infest the cell, which then spread to Mr. Farmer's cell. ECF 1 at 3. Mr. Farmer alleges that his cell is connected to the deceased inmate's cell through the ventilation system. ECF 1 at 3. He further alleges that his cell was

contaminated with the other inmate's feces and blood, contributing to the infestation. ECF 1 at 3. He sues eight defendants for their failure to remedy the situation.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

Prolonged exposure to infestations of insects can amount to an Eighth Amendment violation. *See Davis v. Williams*, 216 F.Supp.3d 900, 907-08 (N.D. Ill. 2016). However, Mr. Farmer provides little detail regarding the magnitude of the infestation, how long it persisted, the type of bug that infested his cell, and the effect on him. *See e.g. Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (inmate failed to state a claim when he alleged the jail was infested with mice and cockroaches but did not provide sufficient details which "left [the court] in the dark as to how extensive the infestations are and how the pests affect him"). Nor does he say how long the body of the deceased inmate remained in the cell next to him or explain how blood and feces from that cell were able to spread to his.

Thus, on this complaint, Mr. Farmer has not plausibly alleged the objective prong of an Eighth Amendment violation. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). More detail is needed about the extent of the infestation and the condition of Mr. Farmer's cell, and so he will be given the opportunity to fill in the gaps in an amended complaint.

If Mr. Farmer believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in

3

early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library.

If he decides to file an amended complaint, he needs to identify a proper defendant. Liability under 42 U.S.C. § 1983 is based on personal involvement in the alleged violation. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). There is no general *respondeat superior* liability under § 1983, which means that an individual cannot be held liable simply because employees who report to him violate a person's constitutional rights. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore, Mr. Farmer must identify a defendant who was aware of the problems in his cell but did not take reasonable measures to abate it. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Jamel Farmer until **September 14, 2022**, to file an amended complaint; and

(2) CAUTIONS Jamel Farmer if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

August 16, 2022                                    *s/ Damon R. Leichty*
                                                                         Judge, United States District Court