UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JAMEL FARMER, | ) |
|---|---|
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:22-CV-149-DRL-JEM |
| | ) |
| MARTIN, *et al.*, | ) |
| Defendants. | ) |

**ORDER**

Jamel Farmer, a prisoner without a lawyer, filed a motion asking to be appointed counsel [DE 39]. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the Court may ask counsel to volunteer to represent indigent parties for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt v. Mote*, 503 F.3d at 654.

Here, there is no indication Mr. Farmer has made any attempt to obtain counsel on his own. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *see also Pruitt*, 503 F.3d at 654; and *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013). Moreover, at this stage of the case, the defendants have filed a motion for summary judgment, alleging that Mr. Farmer did not exhaust his administrative remedies as to part of his claim. The circumstances surrounding whether Mr. Farmer exhausted the grievance process or the reasons

1

why he did not are within his personal knowledge. He has shown that he is capable of expressing his thoughts on paper, and at this point of the litigation he can proceed on his own.

Mr. Farmer also asks the Court to send him a copy of several filings in his case so that he can respond to defendant's exhaustion defense. He is advised that he must keep copies of all his filings in this case. However, he has shown good cause for the Court to send him a copy of the exhibits he requests.

For these reasons, the Court:

(1) **DENIES** the request for counsel in the letter [DE 39];

(2) **DIRECTS** the clerk to send Jamel Farmer ten (10) copies of the screening order [DE 27] so he can include them with a letter to ten individual attorneys asking for representation; and

(3) **GRANTS** the request for copies in the letter [DE 39] to the extent that the Court **DIRECTS** the Clerk of the Court to send Jamel Farmer a copy of the exhibits in [DE 3, DE 5, DE 6, and DE 23-1].

SO ORDERED this 13th day of April, 2023.

                                                                          s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:      All counsel of record
           Plaintiff, *pro se*